UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of<br><br>DITECH HOLDING CORPORATION, ET AL.,<br><br>Debtor. | **ORDER**<br><br>23 Civ. 2482 (PGG) |
| HILDA HUTCHINSON,<br><br>Appellant,<br><br>-against-<br><br>STACEY TUTT, COMSUMER CLAIMS TRUSTEE<br><br>Appellee. | |

PAUL G. GARDEPHE, U.S.D.J.:

Proceeding pro se, Hilda Hutchinson appeals an order issued by U.S. Bankruptcy Judge James L. Garrity, Jr., that disallowed and expunged two consumer creditor claims that she filed in the bankruptcy case of Ditech Holdings Corporation ("Ditech") and certain of its affiliates (collectively, "Debtors"). (Notice of Appeal (Dkt. No. 1)) For the reasons stated below, the appeal will be denied, and the order of the Bankruptcy Court will be affirmed.

## BACKGROUND

### I.    FACTS

Although this case arises from the bankruptcy court's disallowance and expungement of Hutchinson's claims against Debtors, the Court begins by summarizing prior legal proceedings between Hutchinson – on the one hand – and Debtors and their predecessor entities on the other.

A.    **The Kings County Supreme Court Action**

On April 21, 2015, Appellant Hutchinson brought a pro se action against Debtors

and several other entities in Supreme Court of the State of New York, Kings County.  See

Hutchinson v. Green Tree Servicing, LLC, et al., Index No. 504743/2015 (Kings Cnty. Sup. Ct.,

April 21, 2015) (the "Kings County Action"); see also Kings Cnty. Cmplt. (Bankr. Dkt. No. 4588)

at 90-124)[1]

As summarized by the Kings County court, the facts underlying Hutchinson's suit

are as follows:

> On July 24, 2002, [Hutchinson] purchased a property located at block 3594 lot 5,
> with a street address of 377 East 98th St., Brooklyn NY and with an alternate
> street address of 388 Legion Avenue from NHS Community Development Corp.
> As expressed in the deed from that date, this sale was conditioned on
> [Hutchinson] assuming a note with the original principal amount of $160,050.00,
> by a mortgage on the property, dated April 27, 2001 and recorded on reel 5180
> page 1595, that had been originally held by BNY Mortgage Company LLC (BNY)
> and that had been assigned to Alliance Mortgage Company (a former name of
> EverBank).  As such, [Hutchinson] entered into an assumption agreement with
> Alliance Mortgage Company on July 24, 2002.
>
> In May 2014 Green Tree [Servicing LLC] became the servicer of the loan for
> EverBank.  According to [Hutchinson], in late 2014 she desired to obtain an . . .
> additional loan and began a process of requesting documents from Green Tree
> regarding the property.  As a result, [Hutchinson] and Green Tree exchanged a
> series of letters in which Green Tree asserted that [Hutchinson] bore responsibility

---

[1]  All references to page numbers correspond to the page numbers designated by the Electronic
Case Files ("ECF") system of the Bankruptcy Court and the District Court.

Hutchinson did not submit a Record Appendix in accordance with Fed. R. Bankr. P. 8018(b).
Because of the volume of documents in the Record on Appeal (see Dkt. No. 15), the Trustee cites
only to the Bankruptcy Court docket.  (Trustee Br. (Dkt. No. 16) at 12 n.2 (citing In re Ditech
Holding Corp., et al., Case No. 19-10412 (Bankr. S.D.N.Y. 2019))  This Court does the same.
This Court has also cited to documents found on the Bankruptcy Court docket that Hutchinson
did not designate as part of the Record on Appeal.  "The Court may take judicial notice of the
bankruptcy docket, and documents on the docket not included in Appellant's designation of the
record on appeal[.]"  Morillo v. Wells Fargo Bank, N.A., No. 19-CV-08183 (PMH), 2020 WL
2539068, at *1 n.2 (S.D.N.Y. May 19, 2020) (citing Fed. R. Evid. 201; In re TerreStar Corp., No.
12-CV-857, 2013 WL 1767068, at *6, n.6 (S.D.N.Y. Apr. 24, 2013); Combier-Kapel v. Biegelson,
242 F. App'x 714, 715 (2d Cir. 2007)).

to make payments on a note and mortgage relating to block 3594 lot 6, and [Hutchinson], in turn, indicated that such parcel was not her property, that she was not responsible for that note and mortgage, and that she should be refunded for all the previous payments she had made. [Hutchinson] thereafter stopped making her payments due under the note and mortgage assumed by her, and Green Tree asserts (in an affidavit from Stewart Derrick dated March 23, 2016), that [Hutchinson] has been in default in her payment obligation since June 1, 2015.

Green Tree's assertions regarding [Hutchinson's] responsibility to make payments on a note and mortgage relating to block 3594 lot 6 apparently arose out of an administrative error made by EverBank. After this action was commenced, EverBank conducted an investigation and found, as asserted in affidavits from Tammy Maurice, an EverBank vice-president and escrow service manager, that EverBank had accidently switched paperwork relating to [Hutchinson's] loan and mortgage relating to block 3594 lot 5 with that for a note and mortgage held by EverBank relating to the neighboring property at block 3594 lot 6. Like the note and mortgage assumed by [Hutchinson] on July 24, 2002, the note and mortgage on block 3594 lot 6 originally secured a loan of $160,050 that was given by BNY to NHS Community Development Corp., and that was thereafter assigned to Alliance Mortgage Company (now EverBank) by BNY. The purchaser of block 3594 lot 6 likewise assumed the payment obligation on this note when NHS Community Development Corp. sold the property in April 2002. The loan for block 3594 lot 6 required the same combined payment of principal and interest as the note assumed by [Hutchinson], and was paid current during the time EverBank serviced the loan.

(Kings County Sum. J. Order (Bankr. Dkt. No. 4588) at 130-32)[2]

In sum, as a result of this administrative error, "the payments that [Hutchinson] made on her mortgage [were] credited to the wrong account while her neighbor's payments were credited to her account." (Sufficiency Hearing Tr. (Bankr. Dkt. No. 4669) at 69-70) Because "the mortgages called for the same payment" and both Hutchinson and her neighbor were "current at the time the error was discovered," there "was no harm" to Hutchinson or her neighbor as a result of the administrative error. (Id. at 70; see also Trustee Reply (Bankr. Dkt. No. 4588) at 2 ("[Hutchinson] and her neighbor were in effect paying each other's mortgages; but the payment amounts were identical and both were current on their obligations."));

---

[2] Ditech Financial LLC – one of the Debtors – was formerly known as Green Tree Servicing LLC. (See Third Am. Plan (Bankr. Dkt. No. 1404) at 1 n.1, 37)

Sufficiency Hearing Tr. (Bankr. Dkt. No. 4669) at 62 ("HUTCHINSON: . . . Greentree came

back to me and said I purchased that home, this is the account of that home, and all of my money

that I spent was applied to that other person's loan."))

   Green Tree conceded in the Kings County action, however, that Hutchinson had

"made some additional payments to the escrow account to cover expenses relating to the

neighboring property," which totaled $9,305.31. (Kings Cnty. Sum. J. Order (Bankr. Dkt. No.

4588) at 139) But the Kings County court found that because Hutchinson "is currently in default,

and her overdue payments at this date would appear to be significantly greater than what

defendants would be required to refund to [Hutchinson] based on their misapplied [escrow

account] payments," "any money defendants may be required to return to the escrow account

may be applied to [Hutchinson's] default, rather than returned to plaintiff." (Id. at 140)

   To summarize: the Kings County court found that on July 24, 2002, Hutchinson

assumed "a note with the original principal amount of $160,050.00 secured by a mortgage on the

property" located at block 3594 lot 5 ("Lot 5"), and her neighbor assumed a materially identical

note and mortgage on the property located next door, at block 3594 lot 6 ("Lot 6"). (Id. at 130-

32) Both Hutchinson and her neighbor were current on their payments prior to June 1, 2015, so

the administrative error went unnoticed during the period between July 24, 2002 and June 1,

2015. (Id.) In 2014, Hutchinson approached Green Tree – the then servicer of her loan – about

obtaining an additional loan. A dialogue then ensued between Green Tree and Hutchinson in

which Green Tree asserted that Hutchinson was responsible for the Lot 6 note and mortgage. (Id.

at 131) Hutchinson told Green Tree that she did not own Lot 6 and that she had no obligation to

pay any note or mortgage associated with Lot 6. Hutchinson also demanded that Green Tree

refund all payments she had made pursuant to her Assumption Agreement for Lot 5 that had been

misapplied to Lot 6, and after June 1, 2015, she made no further payments concerning the note and mortgage that she had assumed for Lot 5.  (Id. at 131)

In the Kings County Action, Hutchinson appears to assert claims against Green Tree Servicing LLC and others for:  (1) breach of contract; (2) detrimental reliance; (3) promissory estoppel; (4) "bad faith"; (5) violations of the Fair Credit Reporting Act; (6) deceptive acts and practices; (7) "violation of [the] FTC Act"; (8) violation of the Fair Debt Collection Practices Act; (9) "Failure to Timely Respond to Qualified Written Requests"; and (10) violation of New York Business Law § 349.  (Kings County Cmplt. (Bankr. Dkt. No. 4588) at 104-21)

After filing the Kings County Action, Hutchinson moved for summary judgment on each cause of action seeking, inter alia, $199,405.95 plus interest, and a declaratory judgment invalidating the assumption agreement related to her mortgage on the Lot 5 property.  (Kings County Sum. J. Order (Bankr. Dkt. No. 4588) at 127)

In a November 15, 2017 order, the Kings County court denied Hutchinson's summary judgment motion.  (Id. at 137-43)  While the Kings County judge stated that he understood Hutchinson's "frustration with Green Tree's failure to acknowledge that plaintiff assumed no obligation under the note and mortgage documents relating to the neighboring property," the judge found that Hutchinson had not "demonstrate[d] how Green Tree's representations relating to the documents with respect to block 3594 lot 6 constitutes a fraud or in any way relieves plaintiff of the obligations she concedes that she assumed by way of the assumption agreement" for the Lot 5 property.  (Id. at 138)  Indeed, the Kings County court found that "the mix-up regarding the loan documents was not the result of any fraudulent intent, but rather, was, at worst, the result of carelessness on the part of Everbank."  (Id. at 139)

In sum, in its summary judgment decision, the Kings County court finds that Hutchinson remains obligated on the note and mortgage that she had assumed for Lot 5, and that the document mix-up was an administrative error that caused her no actual damage. (Id.)[3]

**B.    Bankruptcy Court Proceedings**

On February 11, 2019 – more than a year after the Kings County court had denied Hutchinson's motion for summary judgment – Debtors filed a voluntary petition under Chapter 11. (See Bankr. Dkt. No. 1)

On September 26, 2019, the Bankruptcy Court confirmed Debtors' Third Amended Joint Chapter 11 Plan. (See Third Am. Plan (Bankr. Dkt. No. 1404)) That plan creates a $10 million fund for holders of allowed consumer credit claims. (Id. at 31-33; id., Ex. A at 9) It also authorizes a Consumer Claims Trustee (the "Trustee"), who is directed to (1) object to any claim that should not be allowed; and (2) distribute the fund (after payment of expenses) pro rata to the holders of allowed consumer creditor claims. (Id. at 31-33; see also id., Ex. A at Art. VII (procedure for disputed claims))

In early 2019, Hutchinson filed two proofs of claim[4] in Bankruptcy Court – Claim 868 and Claim 20125 – in unspecified amounts. (Trustee's Twelfth Obj. (Bankr. Dkt. No. 1973)

---

[3] After her summary judgment motion was denied, Hutchinson filed a notice of appeal. (See Bankr. Dkt. No. 4588 at 79-80) However, a search of the New York State Courts Electronic Filing System does not reveal any appeal filed by Hutchinson with the Appellate Division, Second Department, concerning the Kings County court's November 15, 2017 summary judgment decision. Hutchinson also filed a motion for reargument with the Kings County court (see id. at 80), and a motion to strike and for sanctions. The latter motion was – in substance – another attempt to reargue issues decided in the summary judgment decision. (Id. at 82-84) The Kings County court denied Hutchinson's motions. (See id. at 150)

[4] In bankruptcy proceedings, "[a] proof of claim is a written statement setting forth a creditor's claim," Fed. R. Bankr. P. 3001(a), in which "a creditor may assert a right to payment from the debtor." In re Residential Cap., LLC, 563 B.R. 477, 486 (S.D.N.Y. 2016).

at 14)  In a March 13, 2020 Omnibus Objection to Proofs of Claim submission, the Trustee

objected to both of Hutchinson's claims, citing "insufficient documentation."  (Id.)

        In her March 16, 2020 response to the Trustee's objection (the "Response"),

Hutchinson contends that her claims should be allowed, and asserts that the basis for her claims

"is fully stated in [her Kings County] complaint," which she attaches.  (Hutchinson Resp. (Bankr.

Dkt. No. 2344)) at 1)  Hutchinson's claims against Debtors overlap substantially with the claims

Hutchinson made in the Kings County Action (see id. at 1-8), and appear to be premised on

allegations of fraud, misrepresentation, and infliction of emotional distress, as well as on

violations of New York Consumer Protection Law, N.Y.C. Admin. Code § 20-700 et seq.; the

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.; New York General Business Law

§ 349; Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45; Sections 1031 and 1036

(A)(1)(B) of the Consumer Financial Protection Act, 12 U.S.C. § 5301 et seq.; the Fair Credit

Reporting Act, 15 U.S.C. § 1681 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C.

§ 2601 et seq.  (Id. at 1-2)  She also seeks a "declaratory judgment as to rights and title to the

property" located at 377 East 98th Street in Brooklyn, Lot 5.  (Id. at 2)

        The crux of Hutchinson's Response is that her underlying Alliance Mortgage

Company mortgage was an "unauthorized account"; she did not sign an assumption agreement

for that mortgage; and therefore any attempts by Ditech or affiliated or successor entities to

require payment of the mortgage constitutes misrepresentation and fraud.  (Id. at 1-8)  She also

argues that Ditech's failure to return the $199,405.94 she had paid towards her mortgage between

2002 and 2015 constitutes unjust enrichment.  (Id. at 3)  In essence, Hutchinson appears to argue

that – because she was not obligated to pay the mortgage on the Lot 6 property – she should be

relieved of her obligation to pay the mortgage on her residence located at Lot 5.

Under the Bankruptcy Court's claim objection and hearing procedures (see Bankr. Dkt. No. 1632 at 4-5), the filing of Hutchinson's Response triggered an adjournment of a scheduled hearing concerning the Trustee's objection to her claims, thus permitting the Bankruptcy Court to conduct a sufficiency hearing concerning Hutchinson's claims. (See Am. Notice of Adj. of Hearing (Bankr. Dkt. No. 2214))

Before the Bankruptcy Court's sufficiency hearing, however, the Trustee filed a motion for the Bankruptcy Court to estimate the value of certain claims. (See Mot. to Estimate (Bankr. Dkt. No. 4266)) As explained in the Trustee's motion, a significant number of consumer creditor claims had been allowed and were pending distribution. A significant number of additional claims were still disputed, however, and were "unlikely to be determined for a substantial period of time." (Id. at 11) Because the Trustee was required to "reserve for distribution to each claim, including the Disputed Consumer Creditor Claims, the pro rata portion of the Consumer Creditor fund," the Trustee asked the court (pursuant to Section 7.6 of the Third Amended Plan), to "estimate for purposes of setting a distribution reserve" the disputed claims so that the trustee could "determine a reasonable amount of reserves" for the disputed claims, while allowing for "the commencement of distribution" for the allowed claims. (Id.)

In her motion, the Trustee asked the Bankruptcy Court to estimate both of Hutchinson's claims at $0.00. (Id. at 17) Hutchinson then filed a series of letters – in the nature of objections to the estimation motion – in which she argues that her claims should be estimated at $214,405.94. (See, e.g., Hutchinson Oct. 6, 2022 Ltr. (Bankr. Dkt. No. 4331) at 9 ("My claims should not be estimated for zero dollars it should be estimate[d] for $199,405.94, plus the more than $15,000.00 that was applied to Fraudulent Schemes Account water charge, all FHA insurance fees, the additional interest I was charge[d], and all funds I was charged that I never

8

signed or agreed to pay, plus interest for the purpose of setting the distribution reserve."); see also Bankr. Dkt. Nos. 4424, 4458, 4545-47)

On November 18, 2022, after negotiations with Hutchinson, the Trustee revised her estimation motion to request that Claim 20125 be estimated at $0 and that Claim 868 be estimated at $214,405.94. (See Notice of Adj. Hearing (Bankr. Dkt. No. 4384) at 4) At a December 22, 2022 Bankruptcy Court hearing, the following colloquy took place:

> [Trustee]: Your Honor . . . for purposes of estimation and reserve purposes, I'm happy to estimate [Hutchinson's claim number 868] at $250,000 as a [§ 363(o)] claim. Again, that's just for purposes of estimation for reserves. It does not allow the claim or make any admission as to whether it is or is not a [§ 363(o)] claim. . . .
>
> The Court: . . . So what Ms. Twomey has just said is that she will stipulate that for purposes of the reserves, you have a $250,000 claim and for purposes of the reserves, it will be scheduled as a [§ 363(o)] claim, but without prejudice to the rights to challenge the amount of the claim with the [$250,000] being the amount of the reserve and the nature or characterization of the claim. That's what you're saying Ms. Twomey?
>
> [Trustee]: Yes, Your Honor.
>
> The Court: Okay, and that's – Ms. Hutchinson, you understand that that's what the issue is and how Ms. Twomey proposes to resolve it, which is essentially saying she was asking for that same type of relief in the estimation motion, and she now agrees. She'll agree with your dollar amount and your characterization for purposes of estimation, but that's it. Okay?
>
> Ms. Hutchinson: Okay.

(Dec. 22, 2022 Hearing Tr. (Bankr. Dkt. No. 4486) at 19-20)[5]

The Bankruptcy Court then directed the Trustee to submit a proposed order estimating Hutchinson's claims at $250,000. The Trustee submitted the proposed order on

---

[5] A claim brought under 11 U.S.C. § 363(o) is a claim held by a borrower that arises from a consumer credit transaction that is subject to the Truth in Lending Act. (See Third Am. Plan, Ex. A (Bankr. Dkt. No. 1404-1) at 6) Under the Third Amended Chapter 11 Plan, § 363(o) claims are given priority over non-§ 363(o) claims. (See id. at 29)

January 20, 2023, but the order was never signed.  (See Proposed Order re Estimation (Bankr.

Dkt. No. 4534))

    Meanwhile, the Trustee's objection to Hutchinson's consumer creditor claims

remained pending during the adjudication of the estimation motion.  In a February 10, 2023 reply

to Hutchinson's Response, the Trustee argues that Hutchinson's claims are barred by collateral

estoppel, because the issues raised in her Response to the Trustee's objection are "identical to

those raised and decided against [Hutchinson] in the [Kings County] Action by the Order

Denying Summary Judgment," and Hutchinson had a full and fair opportunity to litigate the

issues before the Kings County court.  (Trustee Reply (Bankr. Dkt. No. 4588) at 13-19)  The

Trustee further argues that the litany of claims in Hutchinson's Kings County complaint – which

Hutchinson relies on in her Response to the Trustee's objection – and any new claims contained

in the Response – were all inadequately pled, and are therefore insufficient to support a proof of

claim.[6]  (See id. at 19-30; see also id. at 13 ("The adequacy of [Hutchinson's claims] should be

analyzed in accordance with the standards established under [Fed. R. Civ. P.] 12(b)(6).")))[7]

    On February 23, 2023, the Bankruptcy Court held a sufficiency hearing

concerning the Trustee's objection to Hutchinson's claims.  (See Notice of Agenda for Hearing

---

[6]  In her reply, the Trustee attaches documents from the Kings County Action, including a copy
of the docket, Hutchinson's complaint, and the Kings County court's summary judgment
decision.  (See id. at 31-150)

[7]  Hutchinson claimed that the Trustee's reply was untimely.  She also objected to the exhibits
attached to the reply, because they are not certified copies.  (See Bankr. Dkt. No. 4596 at 1-2)  In
response, the Trustee requested that the Bankruptcy Court take judicial notice of (1) certified
copies of each of the exhibits attached to the reply; and (2) a certified copy of Hutchinson's
mortgage assumption agreement.  (See Bankr. Dkt. No. 4599)  Hutchinson opposed the trustee's
request.  (See Bankr. Dkt. No. 4606)  While the Bankruptcy Court did not explicitly rule on the
judicial notice application, it implicitly granted that application, because it relied on certified
copies of materials from the Kings County Action in its order disallowing and expunging
Hutchinson's claims.  (See Mar. 14, 2023 Order (Bankr. Dkt. No. 4634))

(Bankr. Dkt. No. 4611) at 6-7; Sufficiency Hearing Tr. (Dkt. No. 4669) at 53-73)  At the hearing, the Bankruptcy Court issued a bench ruling sustaining the Trustee's objection to Hutchinson's claims.  (Sufficiency Hearing Tr. (Dkt. No. 4669) at 73)  The Bankruptcy Court concluded that Hutchinson was "collaterally estopped from seeking to relitigate the issues as it related to the mistake, the mix-up with respect to the crediting of the payments that she made on her mortgage credited to the wrong account while her neighbor's payments were credited to her account," and that "she has failed to state grounds for relief under any of the claims that she has asserted in addition to those that were set forth in the state court litigation."  (Id. at 69-73)

In a March 14, 2023 written order, the Bankruptcy Court sustained the Trustee's objection to Hutchinson's claims, disallowing and expunging her claims, and dismissing the Trustee's estimation motion as moot to the extent it addressed Hutchinson's claims.  (Mar. 14, 2023 Order (Bankr. Dkt. No. 4634) at 2)

## II.    PROCEDURAL HISTORY

On March 23, 2023, Hutchinson filed the instant appeal concerning the Bankruptcy Court's March 14, 2023 order.  (See Dkt. No. 1)  On April 13, 2023, Hutchinson filed an "Unsigned Order to Show Cause Preliminary For Injunction and Temporary Restraining Order," and an accompanying affidavit.  (Dkt. No. 3)  Hutchinson filed her merits brief on February 12, 2024 (Dkt. No. 6); the Trustee filed an opposition on March 12, 2024 (Dkt. No. 16); and Hutchinson filed a reply brief on March 21, 2024 (Dkt. No. 19), and an amended reply brief on March 27, 2024 (Dkt. No. 20).

On April 3, 2024, Hutchinson filed a motion and declaration seeking the following relief:  (1) "Judicial estoppel Appellee and their agents"; (2) "Preliminary Injunction and Temporary Restraining Order Pending Final ruling on the Appeal against Appellee"; and (3) "Cease and Desist Appellee their successor, assigns, agents, and attorney from pursuing in bad

faith action in Supreme Court during Stay." (Not. of Mot. (Dkt. No. 21) at 1; Hutchinson Decl. (Dkt. No. 22))  The Trustee filed her opposition on April 11, 2024.  (See Dkt. No. 24)

On December 16, 2024, Hutchinson filed a motion and declaration (see Dkt. Nos. 25-26) seeking to supplement the record on appeal with (1) a December 13, 2024 order from the Kings County court dismissing Hutchinson's monetary claims against Ditech (see Hutchinson Decl. (Dkt. No. 26) at 4-9); and (2) an August 6, 2018 order issued in a different New York state action: "Deron Hutchinson" against U.S. Bank National Association, as trustee, BNY Mortgage Company LLC, and John Does #1 through #10 (see id. at 10-14).  The Trustee filed her opposition on December 27, 2024 (Dkt. No. 28), and Hutchinson filed a reply on January 28, 2025 (Dkt. No. 29).

## DISCUSSION

### I.    LEGAL STANDARDS

#### A.    Review of Bankruptcy Court Decisions

Pursuant to 28 U.S.C. § 158(a)(1), district courts are vested with appellate jurisdiction over bankruptcy court rulings.  When sitting in this capacity, the district court may

> affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106.  "A district court reviews a bankruptcy court's findings of fact for clear error." In re Bernard L. Madoff Inv. Sec. LLC, 531 B.R. 345, 350 (S.D.N.Y. 2015) (citing In re Bell, 225 F.3d 203, 209 (2d Cir. 2000); In re Metaldyne Corp., 421 B.R. 620, 624 (S.D.N.Y. 2009)).

A finding of fact is clearly erroneous where,

> "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  While the trial court's findings of fact are not conclusive on appeal, the party that seeks to

overturn them bears a heavy burden. <u>See</u> Charles Alan Wright & Arthur R.
Miller, <u>Federal Practice & Procedure</u> § 2585 (1995). If two views of evidence are
possible, the trial judge's choice between them cannot be clearly erroneous. <u>See</u>
<u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 574 (1985). "To be clearly
erroneous, a decision must strike [the reviewing court] as more than just maybe or
probably wrong; it must . . . strike [the reviewing court] as wrong with the force
of a five-week-old, unrefrigerated dead fish." <u>Parts & Elec. Motors, Inc. v.</u>
<u>Sterling Elec., Inc.</u>, 866 F.2d 228 (7th Cir.), <u>cert. denied</u>, 493 U.S. 847 (1989).

<u>H & C Dev. Group, Inc. v. Miner (In re Miner)</u>, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999).

A bankruptcy judge's conclusions of law are reviewed <u>de novo</u>. <u>Official Comm.</u>

<u>of Unsecured Creditors of AppliedTheory Corp. v. Halifax Fund, L.P. (In re AppliedTheory</u>

<u>Corp.)</u>, 493 F.3d 82, 85 (2d Cir. 2007). When reviewing an issue <u>de novo</u>, a court "decide[s] the

issue as if no decision had previously been rendered." <u>In re Miner</u>, 229 B.R. at 565.

"A district court should not overturn a bankruptcy court decision if an error is

harmless, [however,] meaning the error 'is not inconsistent with substantial justice or does not

affect the substantial rights of the parties.'" <u>Morse v. Rescap Borrower Claims Trust</u>, No. 14 Civ.

5800 (GHW), 2015 WL 353931, at *3 (S.D.N.Y. Jan. 26, 2015) (quoting <u>Cavalry Constr., Inc. v.</u>

<u>WDF, Inc. (In re Cavalry Constr., Inc.)</u>, 428 B.R. 25, 42 (S.D.N.Y. 2010), <u>aff'd</u> <u>sub</u> <u>nom.</u>, 425 F.

App'x 70 (2d Cir. 2011) (summary order)). Similarly, a district court "may affirm [the

bankruptcy court's decision] on any ground that finds support in the record, and need not limit its

review to the bases raised or relied upon in the decision[ ] below." <u>Freeman v. Journal Register</u>

<u>Co.</u>, 452 B.R. 367, 369 (S.D.N.Y. 2010) (collecting cases).

## II.    ANALYSIS

On appeal, Hutchinson raises the following issues:

1.    "Whether the bankruptcy court erred in holding that appellant was served
the Third amended joint chapter 11 plan documents with all attachments
and order implementing certain notice and case management procedures";

2. "Whether the bankruptcy court erred in holding that [the] reply of the Consumer claims trustee in support of the twelfth Omnibus objection with respect to [the] claims of Hilda Hutchinson (nos. 20125 and 868) was not untimely";

3. "Whether the bankruptcy court erred because it abused its discretion in ruling that [the] Consumer Claim[s] Trustee['s] reply papers [were] served with all documents upon Appellant on February 10, 2023, pursuant to [the] Order Implementing Certain Notice and Case Management Procedures and [the] Federal Rules of Civil Procedure[]";

4. "Whether the bankruptcy court erred because it abused its discretion in accepting [the] Andrea Speelman Affidavit of Service as valid proof of mailing and service upon Appellant";

5. "Whether the bankruptcy court erred because it abused its discretion in holding that Appellant's claims for damages resulting from debtor's pre-petition, pre-confirmation[, and] post-petition, conduct, omissions, fraud, material misrepresentations of Debtor are Barred by Collateral Estoppel";

6. "Whether the bankruptcy court erred when it reverse[d] the December 22, 2022, Court Oral decision during trial that granted Appellant['s] Proof of Claim # 20125 as uncontested in the estimated amount of $250,000 that is 363(o)";

7. "Whether the bankruptcy court erred because it abused its discretion in holding that Appellant's claim is not allowed under [the] Third Amended Joint Chapter 11 Plan for any injunct[ive] relief to enjoin Debtor['s] continuation [of] deceptive practice[s and] conduct";

8. "Whether the bankruptcy court erred because it abused its discretion in granting the Motion that was not supported by Affidavit, Affirmation, or Declaration"; and

9. "Whether the bankruptcy court erred because it abused its discretion in granting The Consumer Claim[s] Trustee['s] objections that Appellant's Proof of Claims was insufficient documentation."

(See Appellant Br. (Dkt. No. 6) at 7-8)

In disallowing and expunging Hutchinson's claims to a portion of the consumer creditor fund (see Mar. 14, 2023 Order (Bankr. Dkt. No. 4634)), the Bankruptcy Court reasoned that (1) the causes of action supporting her claim are barred by collateral estoppel; and (2) that given "the standards under Rule 12(b)(6)," Hutchinson "failed to state grounds for relief under any of the claims that she asserted in addition to those that were set forth in the state court

litigation." (Sufficiency Hearing Tr. (Dkt. No. 4669) at 71-73)  This Court considers these alternative grounds below.

> **A.**    **Collateral Estoppel**

Hutchinson argues that the Bankruptcy Court erred in ruling that her claims were barred by collateral estoppel.  (Appellant Br. (Dkt. No. 6) at 17-27)

> **1.**    **Applicable Law**

"[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred." In re Sokol, 113 F.3d 303, 306 (2d Cir. 1997) (bankruptcy appeal); see also Allen v. McCurry, 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so[.]") (citing 28 U.S.C. § 1738).  Under New York law, "[t]he doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or cause of action are the same." Ryan v. New York Tel. Co., 62 N.Y.2d 494, 500 (1984); see also Simmons v. Trans Express Inc., 37 N.Y.3d 107, 112 (2021) (quoting Ryan for the standard for applying collateral estoppel).

Collateral estoppel applies where two requirements are met:  "(1) the identical issue must have been necessarily decided in the prior action and must be decisive in the present action, and (2) the party who is precluded from relitigating the issue must have had a full and fair opportunity to contest the matter in the prior action." Strough v. Inc. Vill. of W. Hampton Dunes, 78 A.D. 3d 1037, 1039 (2d Dept. 2010) (citing Schwartz v Public Adm'r of County of Bronx, 24 N.Y.2d 65, 70 (1969)).  "The proponent of collateral estoppel has the burden of demonstrating that the issue was identical and necessarily decided in the first action, whereas the opposing party

has the burden of establishing that there was no full and fair opportunity to litigate the matter in the prior action." Id. (citing Kaufman v Eli Lilly & Co., 65 N.Y.2d 449, 456 (1985)).

"A bankruptcy court's decision to give preclusive effect to a state court judgment is a conclusion of law that is subject to de novo review by the district court." In re Weiss, 255 B.R. 115, 117 (S.D.N.Y. 2000) (citing In re Maxwell Newspapers, Inc., 981 F.2d 85, 89 (2d Cir. 1992).

### 2.    Analysis

The Bankruptcy Court gave collateral estoppel effect to the Kings County court's order denying Hutchinson's motion for summary judgment.[8] The Bankruptcy Court held that – as a result of the Kings County court's order denying her motion for summary judgment – Hutchinson "is collaterally estopped from seeking to relitigate the issues as it relates to the mistake, the mix-up with respect to the crediting of the payments that she made on her mortgage credited to the wrong account while her neighbor's payments were credited to her account." (Sufficiency Hearing Tr. (Dkt. No. 4669) at 69-70) The Bankruptcy Court reasoned that "the state judge determined . . . that it was a mix-up on the part of the servicer at that time, but that there was no harm in the sense that the mortgages called for the same payment. The payments were made." (Id. at 70) And because Hutchinson was "basically asserting the claims that were set forth in the state court litigation," she was collaterally estopped from asserting these same claims in Bankruptcy Court. (Id. at 71)

---

[8]  The Kings County court's summary judgment decision addresses a host of other motions:  the court (1) denied Hutchinson's motion for a default judgment; (2) granted the defendants' motion to extend their time to answer; (3) denied Hutchinson's motion to dismiss a defendant's counterclaims; (4) denied Hutchinson's contempt motion; (5) denied Hutchinson's motion for a preliminary injunction; (6) denied a defendant's motion to vacate a TRO as moot; and (7) denied Hutchinson's motions to strike affidavits and affirmations.  (See Kings Cnty. Sum. J. Order (Bankr. Dkt. No. 4588) at 127-30)  None of these miscellaneous motions has a bearing on the issues raised in this appeal.

Under New York law, however, "[t]he denial of [a] plaintiffs' motion for summary judgment in the underlying action" does not have collateral estoppel effect, because "it is not an adjudication on the merits." Neighborhood P'ship Hous. Dev. Fund v. Blakel Const. Corp., 34 A.D.3d 303, 303-04 (1st Dept. 2006) (citing Clearwater Realty Co. v. Hernandez, 256 A.D.2d 100, 101 (1st Dept. 1998)); see also Casella Const. Corp. v. 322 East 93rd Street LLC, No. 155098/2017, 2024 WL 2864301, at *4 (N.Y. Cnty. Sup. Ct. June 05, 2024) ("A grant of summary judgment is a final judgment on the merits for res judicata or collateral estoppel purposes, while a denial of summary judgment is not."). A denial of summary judgment simply means that the movant is not entitled to judgment as a matter of law. It does not mean that the movant's claims have no merit. Nor does such an order constitute a final adjudication of the movant's claims. Accordingly, the Bankruptcy Court erred in holding that because Hutchinson's motion for summary judgment was denied, her claims are barred by collateral estoppel.[9]

"In reviewing [a] bankruptcy court's decision, [however,] a district court need not agree with every conclusion reached and 'may affirm [the] decision on any ground supported by the record.'" In re Bodine, 190 B.R. 759, 762 (S.D.N.Y. 1995) (quoting In re Coronet Capital Co., No. 94 Civ. 1187 (LAP), 1995 WL 429494, at *2 (S.D.N.Y. July 20, 1995)). Accordingly, this

---

[9] The Trustee argues that an order denying summary judgment may be given collateral estoppel effect, because "there need not be a final order for collateral estoppel to apply." (Trustee Br. (Dkt. No. 16) at 46) As support for this proposition, the Trustee cites Ambac Assur. Corp. v. Countrywide Home Loans, Inc., No. 651612/2010, 2015 WL 6471938 (N.Y. Cnty. Sup. Ct. Oct. 22, 2015), which gives collateral estoppel effect to one aspect of an order denying summary judgment. Id. at *3. But the Ambac court gives collateral estoppel effect not to a merits determination, but rather to the "threshold issue" of choice of law. Id. at *4. Here, by contrast, the Bankruptcy Court gave preclusive effect to the Kings County court's merits determination that Hutchinson was not entitled to judgment as a matter of law. (See Kings Cnty. Sum. J. Order (Bankr. Dkt. No. 4588) at 137 ("Plaintiff has . . . failed to demonstrate, prima facie, a factual or legal basis supporting her initial summary judgment burden of demonstrating her entitlement to judgment as a matter of law."))

Court next considers the alternative ground cited by the Bankruptcy Court – that Hutchinson's

Response to the Trustee's objection does not state a claim for relief. (See Sufficiency Hearing Tr.

(Bankr. Dkt. No. 4669) at 72-73)

###### B.    Failure to State a Claim

In addition to finding that Hutchinson's claims in the bankruptcy proceeding are

barred by collateral estoppel, the Bankruptcy Court concluded that the facts and legal theories

underlying her proofs of claim do not state a claim upon which relief can be granted. (See

Bankr. Dkt. No. 4669 at 72-73)[10]

###### 1.    Applicable Law

In a bankruptcy proceeding, a proof of claim is "deemed allowed, unless a party

in interest . . . objects." 11 U.S.C. § 502(a). An objection may be sustained (and a claim

disallowed) where "such claim is unenforceable against the debtor and property of the debtor,

under any agreement or applicable law." Id. at § 502(b)(1).

> When considering an objection to a claim pursuant to Section 502(b) of the
> Bankruptcy Code, 11 U.S.C. § 502(b), the [p]arties have alternating burdens of
> proof. First, "[t]o overcome the prima facie evidence [of a claim], an objecting
> party must come forth with evidence which, if believed, would refute at least one
> of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245
> B.R. 768, 773 (B.A.P. 2d Cir. 2000). If the objecting party succeeds, then the
> burden shifts back to the claimant to "prove by a preponderance of the evidence
> that under applicable law the claim should be allowed." Creamer v. Motors
> Liquidation Co. GUC Trust (In re Motors Liquidation Co.), No. 12-cv-06074
> (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation
> marks omitted). "In determining whether a party has met their burden in
> connection with a proof of claim, bankruptcy courts have looked to the pleading

---

[10] In the Trustee's Reply before the Bankruptcy Court, she argues that none of Hutchinson's
asserted causes of action or legal theories states a plausible claim for relief under Rule 12(b)(6) –
whether contained in her Kings County complaint or newly raised in her Response to the
Trustee's objection. (See Trustee Reply (Bankr. Dkt. No. 4588) at 19) At the sufficiency hearing,
the Bankruptcy Court found that "for the reasons that the [T]rustee has outlined in her reply,"
Hutchinson "has failed to state grounds for relief under any of the claims that she has asserted in
addition to those that were set forth in the state court litigation." (Sufficiency Hearing Tr.
(Bankr. Dkt. No. 4669) at 73)

requirements set forth in the Federal Rules of Civil Procedure." <u>In re DJK</u>
<u>Residential LLC</u>, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009).

<u>In re Brown</u>, No. 1:20-CV-03943 (MKV), 2021 WL 510157, at *4 (S.D.N.Y. Feb. 11, 2021).

On appeal, "[t]he legal standard of review for the disallowance of claims at a
sufficiency hearing is equivalent to the standard applied to a motion to dismiss for failure to state
a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." <u>In re Roman Cath.</u>
<u>Diocese of Rockville Ctr., New York</u>, No. 23-CV-9210 (JPO), 2024 WL 3413482, at *1 (S.D.N.Y.
July 15, 2024) (citing Fed. R. Bankr. P. 7012(b)).

### 2. <u>Analysis</u>

In her briefing to this Court, Hutchinson does not argue that her Response to the
Trustee's objection "contain[s] sufficient factual matter, accepted as true, to 'state a claim to
relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>
<u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  In choosing not to address the Bankruptcy
Court's determination that she failed to state a claim, Hutchinson has waived her right to appeal
that finding, because "[a] party's failure to address a bankruptcy court's order in its district court
brief constitutes waiver of that party's right to appeal on that issue." <u>Messer v. Peykar Int'l Co.</u>,
510 B.R. 31, 42 (S.D.N.Y. 2014) (citing <u>In re Klein Sleep Products, Inc.</u>, 78 F.3d 18, 29 (2d Cir.
1996)).  Even if this Court were to excuse Hutchinson's waiver, however, the Bankruptcy Court
did not err in concluding that the causes of action underlying her claims are not plausibly pled.

Hutchinson's core argument before the Bankruptcy Court (and the Kings County
court) was that because EverBank mistakenly credited her payments to Lot 6 and her neighbor's
payments to Lot 5, she was relieved of her obligation to make payments on the note and
mortgage she had assumed regarding Lot 5, and was entitled to a refund of all mortgage
payments she had made pursuant to her Assumption Agreement.  (<u>See</u> Kings Cnty. Cmplt.

(Bankr. Dkt. No. 4588) at 123 (seeking, inter alia, a judgment and order "[d]irecting that Collectively Defendants release Plaintiff of all liability and obligation in [the] Assumption Agreement, Note and Mortgage" and "[d]irecting that defendants . . . cancel and erase[] from the public records [the] Assumption Agreement, Note and Mortgage from Block 3594 Lot 5"); Hutchinson Response (Bankr. Dkt. No. 2344) at 7 ("Debtor did not have a legal authority to demand, receive[], or keep my money."))

Proceeding from the mistaken premise that EverBank's administrative error regarding Lot 5 and Lot 6 relieves Hutchinson of her obligation to pay her own mortgage on Lot 5, Hutchinson argued before the Bankruptcy Court that she is entitled to recover from the consumer creditor fund established in the Third Amended Chapter 11 Plan. In seeking such a recovery, Hutchinson relies primarily on the same causes of action and legal theories that she alleged in the Kings County action.[11] The Court addresses Hutchinson's claims below.

### a.    Fraud and Misrepresentation

To state a claim for fraud under New York law, a plaintiff must demonstrate: "'(1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages.'" Minico Ins. Agency, LLC v. B & M Cleanup Servs., 165 A.D.3d 776, 777 (2nd Dept. 2018)

---

[11] Hutchinson's Response to the Trustee's objection incorporates by reference the causes of action listed in the Kings County complaint: (1) breach of contract, (2) detrimental reliance, (3) promissory estoppel, (4) "bad faith," (5) violations of the Fair Credit Reporting Act, (6) "deceptive acts and practices," (7) "violation of [the] FTC Act," (8) violation of the Fair Debt Collection Practices Act, (9) failure to timely respond to Qualified Written Requests, and (10) violation of New York General Business Law § 349. (See Kings Cnty. Cmplt. (Bankr. Dkt. No. 4588) at 104-21) In her Response, Hutchinson also appears to reference the following new theories: (1) fraud, (2) misrepresentation, (3) emotional distress, (4) violation of New York Consumer Protection Law, (5) violation of the Consumer Financial Protection Act, and (6) violation of the Real Estate Settlement Procedures Act. She also seeks a declaratory judgment "as to rights and title to the [Lot 5] property." (Hutchinson Response (Bankr. Dkt. No. 2344) at 1-2, 8)

(quoting Fox Paine & Co., LLC v Houston Cas. Co., 153 A.D.3d 673, 677 (2nd Dept. 2017)).

Allegations of fraud in Bankruptcy Court "are subject to the heightened pleading requirements of

Federal Rule of Civil Procedure 9(b)," see Fed. R. Bankr. P. 7009, and therefore a plaintiff must

allege "the particular details of the fraud" and "'facts that give rise to a strong inference of

fraudulent intent.'" First Cap. Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 178-79 (2d Cir.

2004) (quoting Moore v. PaineWebber, Inc., 189 F.3d 165, 173 (2d Cir. 1999)) (emphasis in First

Cap. Asset Mgmt.).[12] "To qualify as 'strong,' 'the inference of scienter must be more than

merely "reasonable" or "permissible" – it must be cogent and compelling, thus strong in light of

the other explanations.'" In re AlphaStar Ins. Grp. Ltd., 383 B.R. 231, 257 (Bankr. S.D.N.Y.

2008) (quoting Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 310 (2007)).

Similarly, to bring a claim for misrepresentation, a plaintiff must allege "'a

misrepresentation or a material omission of fact which was false and known to be false by

defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of

the other party on the misrepresentation or material omission, and injury[.]'" Mandarin Trading

Ltd. v. Wildenstein, 16 N.Y.3d 173, 178 (2011) (quoting Lama Holding Co. v. Smith Barney, 88

NY.2d 413, 421 (1996)).

Here, Hutchinson's fraud and misrepresentation claims appear to be premised on

the notion that Debtors acted improperly in seeking to collect on the note and mortgage that

Hutchinson had assumed for Lot 5, and that Hutchinson relied on Debtors' alleged

misrepresentations to her detriment. (See Hutchinson Resp. (Bankr. Dkt. No. 2344) at 3

("Debtor represented to me directly and indirectly that I have a contractual agreement for

---

[12]  The heightened pleading requirements of Rule 9(b) apply in Bankruptcy Court whether the
claimant's fraud claims are premised on state or federal law.  See Fisher v. APP Pharms., LLC,
No. 08-cv-11047, 2011 WL 13266819, at *6 n.8 (S.D.N.Y. Feb 28, 2011).

unauthorized account debtor knew their representation was false when they made it.'"))
However, Debtors' efforts to collect from Hutchinson in connection with the note and mortgage
that she assumed with respect to Lot 5 were not fraudulent or deceptive, and were not premised
on misrepresentations. As the Kings County court noted, Green Tree's mistaken assertions that
Hutchinson owed payments with respect to Lot 6 do not excuse Hutchinson of her obligation to
pay the note and mortgage that she assumed with respect to Lot 5. (Kings Cnty. Sum. J. Order
(Bankr. Dkt. No. 4588) at 138)

   Moreover, Hutchinson has not demonstrated that she justifiably relied on any
fraud or misrepresentation, given that her response to the paperwork mix-up was to file a lawsuit
and stop making payments on her own mortgage. Far from relying on Debtors' misstatements to
her detriment, she leveraged Debtors' misstatements to avoid her obligation to make payment on
the Lot 5 note and mortgage she had assumed. McGarry v. Miller, 158 A.D.2d 327, 328 (1st Dept.
1990) ("In the absence of evidence that plaintiff reasonably relied on any misrepresentations, he
cannot establish the element necessary to sustain an action for fraud.").

   Finally, Hutchinson has not plausibly pled damages because, as the Kings County
court found, any payments she made in excess of her obligations with respect to Lot 5 pale in
comparison to the obligations she has defaulted on by not making payments on her Lot 5
mortgage, and Debtors would be entitled to apply that excess to the payments that Hutchinson
has defaulted on. (See Kings County Sum. J. Order (Bankr. Dkt. No. 4588) at 139-40)
Accordingly, the Bankruptcy Court did not err in finding that Hutchinson has not stated a
plausible claim for fraud or misrepresentation.

   **b.**  <u>**Breach of Contract**</u>

   Hutchinson also alleges that Debtors committed a breach of contract. (Kings
Cnty. Cmplt. (Dkt. No. 4588) at 104-06) Under New York law, the elements of a breach of

contract claim are "'(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" <u>Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.</u>, 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011) (quoting <u>Harsco Corp. v. Segui</u>, 91 F.3d 337, 348 (2d Cir. 1996)).

Here, Hutchinson's breach of contract claim is contained in her Kings County complaint, which she incorporates by reference in her Response to the Trustee's objection. (<u>See</u> Hutchinson Response, Ex. 7 (Bankr. Dkt. No. 2344-7) at 14-16) It is not clear from Hutchinson's complaint what contract she claims that the Debtors breached. Given that no party has argued that Hutchinson was ever contractually obligated to make mortgage payments for Lot 6, the Court infers that Hutchinson's breach of contract claim is premised on the contract she did sign – the assumption agreement for the note and mortgage relating to Lot 5. However, Hutchinson does not plead facts demonstrating how Debtors (or any associated or predecessor entities) breached the assumption agreement. Moreover, Hutchinson does not plead any damages stemming from any purported breach. Nor could she plausibly do so, given that she has not made payment on her Lot 5 mortgage since 2015. Accordingly, Hutchinson has not plausibly alleged a breach of contract claim.

### c.    The Fair Credit Reporting Act

Hutchinson also alleges that Debtors violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 <u>et seq.</u>, by knowingly providing (or refusing to correct) false or inaccurate information to credit bureaus after she made a request that Debtors "remove[] their trade line from [Hutchinson's] credit line." (Kings Cnty. Cmplt. (Bankr. Dkt. No. 4588) at 109)

15 U.S.C. § 1681s-2 addresses the duties of those who provide information to consumer reporting agencies. While Section 1681s-2(a) requires that those furnishing such information must provide accurate information, this provision does not create a private right of

action.  See 15 U.S.C. § 1681s-2(d) (providing that subsection (a) "shall be enforced exclusively

. . . by the Federal agencies and officials and the State officials identified in section 1681s of this

title"); see also Howard v. Mun. Credit Union, No. 05 CIV. 7488 (LAK), 2008 WL 782760, at *7

(S.D.N.Y. Mar. 25, 2008) ("[N]o private right of action is available under [Section 1681s-2(a)].").

A private right of action might be available under Section 1681s-2(b), however,

where a furnisher fails to conduct a reasonable investigation in response to a dispute

communicated to it by a consumer reporting agency.  15 U.S.C. § 1681s-2(b)(1).  But Hutchinson

does not plead facts showing that she notified a credit reporting agency about any alleged

inaccuracies in her file.  This omission is fatal to her claim.  See Sprague v. Salisbury Bank & Tr.

Co., 969 F.3d 95, 99 (2d Cir. 2020) ("Appellants do not even allege that they notified a [credit

reporting agency] of the discrepancy.  The Amended Complaint alleges only that, after receiving

the Report, Sprague directly notified Salisbury of the Report's inaccuracy. . . . This alone is

insufficient to state a claim under Section 1681s-2(b).") (citations omitted).  Moreover – even if

Hutchinson had complained to a credit reporting agency – she does not allege that Debtors failed

to conduct a reasonable investigation in response to her complaint.  Accordingly, the Bankruptcy

Court did not err in holding that Hutchinson has not stated a plausible claim under the Fair Credit

Reporting Act.

### d.    The Fair Debt Collection Practices Act

Hutchinson also alleges that Debtors violated the Fair Debt Collection Practices

Act (the "FDCPA"), which prohibits debt collectors from using "any false, deceptive or

misleading representation or means in connection with the collection of any debt."  15 U.S.C.

§ 1692e; (Kings Cnty. Cmplt. (Bankr. Dkt. No. 2344-7) at 24-25)

The FDCPA only applies to statutorily defined "debt collectors."  15 U.S.C.

§ 1692a(6) (defining "debt collector" as "any person who uses . . . interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . or due"). Excluded from the definition of "debt collector" under the FDCPA is "any person collecting or attempting to collect any debt owed . . . or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692a(6)(F). Therefore, "[a] loan servicer acting on behalf of the owner of a debt obligation is not a debt collector unless it began its servicing duties after the loan entered default status." Qurashi v. Ocwen Loan Servicing, LLC, 760 F. App'x 66, 68 (2d Cir. 2019) (citing Roth v. CitiMortgage Inc., 756 F.3d 178, 183 (2d Cir. 2014)). As relevant here, Green Tree Servicing LLC – later known as Ditech Financial LLC, one of the debtor entities in the bankruptcy proceedings below – became the servicer of Hutchinson's loan in May 2014. (Hutchinson Resp., Ex. 14 (Bankr. Dkt. No. 2344-14) at 2) Hutchinson's loan entered default in July 2015. (Id.) Accordingly, Green Tree and Ditech were not debt collectors as defined by the FDCPA; the FDCPA does not apply here; Hutchinson's claim premised on the FDCPA fails as a matter of law; and the Bankruptcy Court did not err in so holding.

e.    **The Real Estate Settlement Procedures Act**

Hutchinson also claims that Debtors violated the Real Estate Settlement Procedures Act (the "RESPA"), 12 U.S.C. § 2601 et seq. (See Hutchinson Resp. (Bankr. Dkt. No. 2344) at 2)

The RESPA requires mortgage loan servicers who receive a "qualified written request" from a borrower to respond or act (if necessary) within statutorily mandated time periods. 12 U.S.C. § 2605(e)(1)-(2). A violation of the RESPA must be pled with "specificity, indicating, for instance, 'when a [qualified written request] was sent, to whom it was sent, why it was sent, and a summary of the request' contained in the [qualified written request]." Miller v.

HSBC Bank U.S.A., N.A., No. 13 CIV. 7500, 2015 WL 585589, at *10 (S.D.N.Y. Feb. 11, 2015)

(quoting Kapsis v. Am. Home Mortg. Servicing Inc., 923 F. Supp. 2d 430, 446 (E.D.N.Y. 2013)).

Moreover, "'[a] plaintiff seeking actual damages under § 2605 must allege that the damages were

proximately caused by the defendant's violation of RESPA.'" Sutton v. CitiMortgage, Inc., 228

F. Supp. 3d 254, 264 (S.D.N.Y. 2017) (quoting Gorbaty v. Wells Fargo Bank, N.A., No. 10-CV-

3291 NGG SMG, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012)).  "Conclusory assertions do

not suffice."  Id.

   Here, Hutchinson has not pled any RESPA violations with specificity.  She has not

alleged in any fashion when each letter was sent, to whom it was directed, or why it was sent, nor

has she summarized the contents of any such letter.  Miller, 2015 WL 585589, at *10.  Nor has

she alleged that Green Tree, Ditech or any other entity failed to respond or take reasonable

actions in response to her letter or letters.  (See Hutchinson Resp. (Bankr. Dkt. No. 2344) at 2-4)

Indeed, Hutchinson's Response indicates that Debtors responded to her letters.  (See id. at 2

("Debtor responded to my qualified written request[.]"))

   Moreover, even if Hutchinson had pled facts demonstrating that Debtors failed to

comply with the RESPA, she has not plausibly alleged any damages, let alone a causal link

between the alleged violation and the damages she suffered.  See Sutton, 228 F. Supp. 3d at 264.

For these reasons, the Bankruptcy Court did not err when it found that Hutchinson had not stated

a claim for a violation of the RESPA.

   **f.**  **Hutchinson's Remaining Claims**

   None of Hutchinson's remaining alleged causes of action, theories, or claims –

whether set forth in her Kings County complaint or her Response to the Trustee's Objection –

have any merit because – like the claims discussed above – they are all based on the faulty

premise that the document mix-up between Lot 5 and Lot 6, and any statements that Green Tree

made as a result, excuse Hutchinson from her obligation to pay the note and mortgage that she assumed for Lot 5 – the lot she owns.  Moreover, Hutchinson has not adequately pled any of these remaining claims.  Accordingly, the Bankruptcy Court did not err in disallowing and expunging her claims.

## C.    Hutchinson's Other Arguments on Appeal

In her remaining arguments on appeal, Hutchinson contends that the Bankruptcy Court erred by (1) declining to order injunctive relief; (2) "reversing" its "prior decision" concerning the Trustee's estimation motion; (3) finding that her proofs of claim provided "insufficient documentation"; and (4) considering various documents that Hutchinson claims were not properly served, were not timely filed, or are otherwise defective.  (See Appellant Br. (Dkt. No. 6) at 7-8)  While these arguments have little or no bearing on the Bankruptcy Court's central finding that Hutchinson has failed to plead a plausible claim, the Court addresses them below.

### 1.    Injunctive Relief

Hutchinson argues that the Bankruptcy Court erred in not granting her injunctive relief regarding the Debtors' alleged "deceptive" conduct.  (See id. at 28)  Hutchinson's request for injunctive relief appears to be premised on New York General Business Law § 349.  (Id. at 30 ("New York General Business Law Section 349 permits a consumer to seek an order from the court enjoining the continuation of the deceptive practice"))  Putting aside the fact that Hutchinson has not plausibly alleged that Ditech or any other Debtor violated New York GBL § 349, she does not explain how or why she would be entitled to injunctive relief from the Bankruptcy Court under Section 349.

In any event, Ditech and Debtors are no longer the servicers for Hutchinson's note and mortgage; they have not serviced her account since March 1, 2020.  (See Hutchinson Supp.

Resp. (Bankr. Dkt. No. 2877) at 95)  Given that Debtors have no ability to take any action with

respect to Hutchinson's note and mortgage, there was no basis for the Bankruptcy Court to order

injunctive relief.  Cf. Negron v. Wallace, 436 F.2d 1139, 1145 (2d Cir. 1971) ("'[I]t is elementary

that a court of equity will not enjoin one from doing what he is not attempting and does not

intend to do.'") (quoting New Standard Publishing Co. v. F.T.C., 194 F.2d 181, 183 (4th Cir.

1952)); see also Bornhauser v. Jacksonville Post Closing, No. CV 15-9994-JFW (KSX), 2016 WL

7444965, at *6 (C.D. Cal. Mar. 17, 2016) (dismissing claims for declaratory and injunctive relief

for failure to plead a justiciable controversy, given that defendant no longer serviced plaintiff's

loan).

       Moreover, the Bankruptcy Court order from which Hutchinson appeals merely

adjudicated the Trustee's objection to Hutchinson's claims.  Given that the Bankruptcy Court's

order addresses only whether and to what extent Hutchinson would be entitled to a portion of the

$10 million fund for consumer creditor claims, her request for injunctive relief went well beyond

the purview of the Bankruptcy Court proceedings.

       Accordingly, the Bankruptcy Court did not err in failing to grant Hutchinson

injunctive relief.

### 2.    The Bankruptcy Court's Handling of the Trustee's Estimation Motion

       Hutchinson argues that the Bankruptcy Court erred when it "reversed" its prior

"decision" to allow her claim for $250,000.  (See Appellant Br. (Dkt. No. 6) at 26)

       Hutchinson misconstrues the Bankruptcy Court's actions concerning the Trustee's

estimation motion.  The Bankruptcy Court never decided to allow Hutchinson's claim for

$250,000.  Instead, the court stated at a hearing that it would allow one of Hutchinson's claims to

be estimated for that amount, and specifically informed Hutchinson that the court's ruling was

limited to the estimation motion.  (Dec. 22, 2022 Hearing Tr. (Bankr. Dkt. No. 4486) at 20)

Accordingly, the Bankruptcy Court's order disallowing and expunging Hutchinson's claims did not "reverse" any prior decision.

### 3.     <u>Insufficient Documentation</u>

Hutchinson also argues that the Bankruptcy Court erred when it found that her proofs of claim were not sufficiently supported by documentation. (Appellant Br. (Dkt. No. 6) at 32-33) In this regard, Hutchinson notes that "[u]nder section 502(a) of the Bankruptcy Code, 'a [proof of] claim . . . filed under section 501 of this title, is deemed allowed.'" (<u>Id.</u> at 32) But Hutchinson omits the portion of Section 502(a) stating that a proof of claim "is deemed allowed unless a party in interest . . . objects," as the Trustee did here. 11 U.S.C. § 502(a).[13]

To the extent that Hutchinson argues that the Bankruptcy Court did not consider all of the evidence before disallowing her claims (<u>see</u> Appellant Br. (Dkt. No. 6) at 32), her argument is not persuasive. The order disallowing her claims (Bankr. Dkt. No. 4634) indicates that the Bankruptcy Court considered all of the relevant documents, including the Trustee's Objection (Bankr. Dkt. No. 1973); Hutchinson's Response (Bankr. Dkt. No. 2344); the Trustee's Reply (Bankr. Dkt. No. 4588); Hutchinson's Sur-Response (Bankr. Dkt. No. 4596) and Amended Sur-Response (Bankr. Dkt. No. 4603); the Trustee's Request for Judicial Notice (Bankr. Dkt. No. 4599); Hutchinson's Objection to that Request (Bankr. Dkt. No. 4606). The Bankruptcy Court also heard oral argument concerning the Trustee's objection at a February 23, 2023 hearing, at which Hutchinson appeared (<u>see</u> Bankr. Dkt. No. 4669). After considering these materials and the oral argument at the hearing, the Bankruptcy Court disallowed and expunged Hutchinson's

---

[13] Hutchinson also repeats her argument that the Trustee conceded the validity of her claim during the estimation process. (<u>See</u> Appellant Br. (Dkt. No. 6) at 32-33) For the reasons explained above, the estimation motion has no bearing on the validity of Hutchinson's claims.

claims. (Bankr. Dkt. No. 4634) The Bankruptcy Court did not err in ruling that Hutchinson's

claims were not supported by documentation.

### 4.    Service and Timeliness Arguments

Hutchinson also contends that the Bankruptcy Court erred in considering certain

documents, arguing that they were not properly served, were not timely submitted, or were not in

an appropriate form. (See Appellant Br. (Dkt. No. 6) at 7-8)

### a.    Service of the Third Amended Plan
### and the Claims Procedures Order

Hutchinson asserts that she "was never served [with] the third amended chapter 11

plan documents or any order implementing certain notice and case management procedures."

(Appellant Br. (Dkt. No. 6) at 11)

Despite making numerous filings during the Bankruptcy Court proceeding

concerning her claims and the Trustee's objection, Hutchinson never stated in these submissions

that she had not been served with the Third Amended Plan or the Claims Procedures Order. (See

Mar. 14, 2023 Order (Bankr. Dkt. No. 4634) at 2 (listing four filings Hutchinson made in

connection with her claims)) Because she did not properly raise this issue below, it has been

waived.[14] Agra v. Dolci, No. 22-10169, 2024 WL 3442964, *2 at n.2 (S.D.N.Y. July 17, 2024)

---

[14] Hutchinson contends that she "informed the Bankruptcy Court, Appellee, and Trustee [on two occasions] that [she had not been] served [with the Third Amended Plan and Claims Procedures Order]." (Appellant Reply (Dkt. No. 19) at 5; Appellant Am. Reply (Dkt. No. 20) at 5) There is some evidence that Hutchinson raised her alleged non-receipt of the Order Confirming the Third Amended Joint Chapter 11 Plan on July 15, 2020 (see Hutchinson July 15, 2020 Ltr. (Bankr. Dkt. No. 2748) at 1), and on October 8, 2020 (see Hutchinson Oct. 9, 2020 Ltr. (Bankr. Dkt. No. 2877) at 13). Hutchinson did not make these filings in connection with her claims and the Trustee's objection, however. Instead, Hutchinson made these filings in response to the Plan Administrator's notice of a hearing concerning the Administrator's sixth omnibus motion to enforce an injunction set forth in the Chapter 11 plan that prevents creditors from commencing or continuing a lawsuit seeking monetary damages against the Debtors. (See Not. of Hearing (Bankr. Dkt. No. 2656)) Hutchinson's filings in response to the Plan Administrator's notice do

("Appellant waived this issue by failing to raise it before the Bankruptcy Court."); see also

Residential Cap., LLC, No. 15 CIV. 3248 (KPF), 2016 WL 796860, at *12 n.15 (S.D.N.Y. Feb. 22,

2016) ("The Bankruptcy Court did not reach this issue in either decision on appeal, and 'we may

not decide factual issues not addressed by the Bankruptcy Court.'") (quoting Omni Partners, L.P.

v. Pudgie's Dev. of NY, Inc. (In re Pudgie's Dev. of NY, Inc.), 239 B.R. 688, 697 (S.D.N.Y.

1999)).

       In any event, Hutchinson has not demonstrated that she was entitled to service of

the Third Amended Plan and the Claims Procedures Order.  The Claims Procedure Order – which

is styled as "Order Implementing Certain Notice and Case Management Procedures" – lists the

parties that are entitled to service of documents in the bankruptcy proceedings, and Hutchinson is

not listed.  (See Mar. 13, 2019 Order re Notice & Case Mgmt. (Bankr. Dkt. No. 211) at 3-4)[15]

Moreover, any creditor or party "that is not otherwise entitled to notice pursuant to the Case

Management Procedures" may arrange for notice of case filings by "fil[ing] a notice of

appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and

9010(b)."  (Id. at 7)  There is no evidence that Hutchinson made such a request, which would

have resulted in her receiving notice of all filings in the bankruptcy case.

       Finally, any error relating to service of the Third Amended Plan and the Claims

Procedure Order would be harmless.  Given that Hutchinson submitted two timely proofs of

---

not alter this Court's conclusion that Hutchinson did not raise the service issue in connection
with her claims and the Trustee's objection.  Accordingly, she has waived this issue for purposes
of the instant appeal.

[15] Hutchinson also appears to argue that because she is listed in the "Schedule of Assets and
Liabilities for Green Tree Servicing Corp." – one of the Debtor entities – she was a "known
creditor."  (Appellant Br. (Dkt. No. 19) at 5; Bankr. Dkt. No. 300 at 58)  Assuming arguendo that
Hutchinson was a "known creditor," the Claims Procedure Order does not provide for service of
documents to all "known" creditors.  (See Mar. 13, 2019 Order re Notice & Case Mgmt. (Bankr.
Dkt. No. 211) at 3-5)

claim in the spring of 2019, any error regarding service of these documents on her did not affect her substantial rights.  See In re Great Atl. & Pac. Tea Co., Inc., No. 11-CV-1338 CS, 2011 WL 5546954, at *9 (S.D.N.Y. Nov. 14, 2011) (finding harmless error where "Appellants do not argue that they lacked actual notice or an opportunity to be heard, nor do they advance any other respect in which they were prejudiced by the method of service employed.  As such, the Bankruptcy Court's failure to require proper service of process in this case was harmless and did not affect Appellants' substantial rights")

        **b.**       **Timeliness of the Trustee's Reply**

Hutchinson's next argues that the Trustee's reply in support of her objection to Hutchinson's claims was untimely.  (See Appellant Br. (Dkt. No. 6) at 12-15)  At the sufficiency hearing, the Bankruptcy Court ruled that the Trustee's reply was timely.  (Sufficiency Hearing Tr. (Bankr. Dkt. No. 4669) at 68)  Hutchinson's argument to the contrary appears to be premised on the fact that the Trustee's reply was filed nearly three years after Hutchinson's Response to the Trustee's objection.

The timeline for these submissions is as follows.  On March 13, 2020, the Trustee timely filed her objection to Hutchinson's claims**.**  (See Order re Claim Obj. & Hearing Procedures (Bankr. Dkt. No. 1632); Trustee's Twelfth Obj. (Bankr. Dkt. No. 1973) at 14))  Hutchinson timely filed her Response to the Trustee's objection on March 16, 2020.  (See Hutchinson Resp. (Bankr. Dkt. No. 2344))  On April 20, 2020, the Trustee filed a notice adjourning the hearing on the Trustee's objection to Hutchinson's claims pursuant to paragraph 3(vii) of the Claims Procedures Order.  (See Not. of Adj. (Bankr. Dkt. No. 2197); Order re Claim

Obj. & Hearing Procedures (Bankr. Dkt. No. 1632) at 5)[16]  That hearing did not take place until

February 23, 2023 – nearly three years later.  (See Notice of Agenda for Hearing (Bankr. Dkt.

No. 4611))  Given that the Claims Procedures Order provides that the Trustee's deadline for filing

her reply to Hutchinson's Response is "no later than 4:00 p.m. . . . at least five (5) business days

prior to the date of the applicable hearing," the Trustee's February 10, 2023 Reply – filed thirteen

days before the February 23, 2023 hearing – was timely filed.  (Order re Claim Objs. & Hearing

Procedures (Bankr. Dkt. No. 1632) at 5); see also Trustee Reply (Bankr. Dkt. No. 4588);

Sufficiency Hearing Tr. (Dkt. No. 4669) at 68) ("THE COURT: . . . [W]hen we have an

adjournment on the hearing[,] . . . the service and filing of the responsive documents [is] based

on the adjourn[ed] date.")

### c.    The Trustee's Request for Judicial Notice

Hutchinson contends that the Trustee's February 17, 2023 Request for Judicial

Notice – filed in further support of her objection to Hutchinson's claims (see Req. for Judicial

Not. (Bankr. Dkt. No. 4599)) – was not timely filed.  According to Hutchinson, the Trustee's

Request for Judicial Notice was filed "after 4:00 PM" on Friday, February 17, 2023, and with the

courts closed for a holiday on Monday, February 20, 2023, this document was not "officially"

filed until February 21, 2023 – less than five days before the February 23, 2023 hearing.  (See

Appellant Reply (Dkt. No. 19) at 6; Appellant Am. Reply (Dkt. No. 19) at 6)

---

[16]  The Trustee also filed an Amended Notice of Adjournment of Hearing on April 22, 2020,
which adjourned the hearing for another claimant.  (See Bankr. Dkt. No. 2214)  To the extent
Hutchinson argues that either of these notices adjourning the hearing was untimely (see
Appellant Br. (Dkt. No 6) at 13), any such argument is not persuasive.  Under the Claims
Procedures Order, the Trustee "in their sole discretion, [is] authorized to further adjourn a
hearing scheduled in accordance herewith at any time by providing notice to the Court and the
Claimant."  (Order re Claim Objs. & Hearing Procedures (Bankr. Dkt. No. 1632) at 5)

Hutchinson's argument is incorrect for multiple reasons. As an initial matter, the Bankruptcy Court's ECF system indicates that the Trustee's Request for Judicial Notice was filed at 2:52 p.m. on February 17, 2023. (See Bankr. Dkt. No. 4599) Moreover, the Trustee's Request for Judicial Notice is not a "Reply" under the Claims Procedures Order, and thus it was not subject to the five-business-day deadline set forth in that Order.[17] Finally, a court may take judicial notice of documents "at any stage of the proceeding." Fed. R. Evid. 201(d).

Hutchinson argues, however, that the Trustee's February 17, 2023 Request for Judicial Notice was untimely under Bankruptcy Rule 2002, and improper because it did not (1) contain a notice of hearing, and (2) included an exhibit that had not previously been attached to the Trustee's Reply. (See Appellant Br. (Dkt. No. 6) at 15-16)

As to Bankruptcy Rule 2002, that rule requires 21 days' notice for certain listed documents, but reply papers and requests for judicial notice are not included in that list. See also Fed. R. Bankr. P. 9014 (detailing motion and service requirements for "contested matters.").

As to Hutchinson's assertion that the Trustee was required to attach a notice of hearing to her Request for Judicial Notice, the portion of the Claims Procedures Order cited by Hutchinson applies only to "Pleadings." (See Mar. 13, 2019 Order re Notice & Case Mgmt. (Bankr. Dkt. No. 211) at 15) The Request for Judicial Notice is not a "Pleading" that triggers the requirement to attach a notice of hearing. (See id. at 2-3)

Finally, the Trustee's Request for Judicial Notice does contain an exhibit that was not previously attached to the Trustee's Reply. (Compare Trustee Reply (Bankr. Dkt. No. 4588)

---

[17] Hutchinson also points to deadlines in the Claims Procedures Order related to "Pleadings" and "Objections." (See Appellant Reply (Dkt. No. 19) at 6; Appellant Am. Reply (Dkt. No. 20) at 6) But the Request for Judicial Notice is neither a "Pleading" nor an "Objection," and therefore the deadlines Hutchinson cites are not applicable.

(attaching: the Kings County court (1) docket; (2) complaint; (3) order denying summary judgment; and (4) order denying Hutchinson's motion to strike the pleadings) with Req. for Judicial Not. (Bankr. Dkt. No. 4599) (attaching certified copies of the same documents plus Hutchinson's assumption agreement with Alliance Mortgage Company))

Federal Rule of Evidence Rule 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Assuming arguendo that the Bankruptcy Court took judicial notice of the assumption agreement (and the other documents attached to the Request for Judicial Notice), it would not have been error to do so, because "[a] court may take judicial notice of court documents, including documents filed in state court," Go New York Tours Inc. v. Vector Media, LLC, No. 19CV10144 (DLC), 2020 WL 3250612, at *1 n.1 (S.D.N.Y. June 16, 2020) (citing Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004)), and may do so "at any stage of the proceeding." Fed. R. Evid. 201(d). Moreover, Hutchinson admitted in the Kings County complaint and at the sufficiency hearing that she entered into the assumption agreement with Alliance Mortgage Company on July 24, 2002. (Kings Cnty. Cmplt. (Bankr. Dkt. No. 4588) at 95 ("[T]his action arises out of . . . Defendants['] fail[ure] to fulfill their contractual promise . . . under [the] Assumption Agreement dated July 24, 2002, for property 377 East 98th Street Brooklyn, New York 11212 Block 3594 Lot 5."); id at 106 ("Defendants issued Assumption Agreement to Plaintiff. Plaintiff fully . . . completed all items in agreement."); Sufficiency Hearing Tr. (Bankr. Dkt. No. 4669) at 61 (Hutchinson stating, "I signed an assumption agreement – well, assumption agreement with Alliance Mortgage

Company")) Accordingly, Hutchinson's execution of the assumption agreement is "a fact that is not subject to reasonable dispute" under Fed. R. Evid. 201.

### d. Affidavit of Service

Hutchinson contends that the Bankruptcy Court erred when it accepted the Affidavit of Andrea Speelman (see Bankr. Dkt. No. 4601) as proof that the Trustee's Reply and Notice of Hearing had been served on Hutchinson. (See Appellant Br. (Dkt. No. 6) at 16-17)

The Speelman Affidavit states that the Trustee's Reply and Notice of Hearing was served on Hutchinson, at her Brooklyn address, via overnight mail and by email[18] on February 10, 2023 – the same day those documents were filed with the Bankruptcy Court. (Speelman Aff. (Bankr. Dkt. No. 4601)) However, the notarization on the affidavit of service indicates that the affidavit was notarized on January 13, 2023. (Id. at 2)

Contrary to the date of the notarization, it appears clear that Hutchinson was served with the Trustee's Reply and Notice of Hearing on or about February 10, 2023. Four days after the February 10, 2023 service date specified in the affidavit of service, Hutchinson filed two documents with the Bankruptcy Court asking that the Reply be stricken as untimely. (See Bankr. Dkt. Nos. 4596, 4603) And Hutchinson clearly received notice of the hearing, because she was present in court on February 23, 2023. Given these circumstances, it appears that the date of the notarization is a typographical error.

Such a technical error does not serve to invalidate an affidavit. See, e.g., Plotch v. Wells Fargo Bank, N.A., 758 F. App'x 221, 222 (2d Cir. 2019) ("'[T]echnical defect[s] relating to the notary public's stamp' will 'not invalidate the official act of the notary public.'") (quoting Qi

---

[18] The email address for Hutchinson listed in the affidavit of service (Speelman Aff. (Bankr. Dkt. No. 4601) at 2) is the same email address that Hutchinson lists in her Response. (Hutchinson Resp. (Dkt. No. 2344) at 9)

<u>Sheng Lu v. World Wide Travel of Greater N.Y., Ltd.</u>, 111 A.D. 3d 690, 974 (2d Dep't 2013));

<u>Morris v. Lee</u>, No. 08 CV 6673 LAP, 2011 WL 721663, at *3 (S.D.N.Y. Feb. 24, 2011) ("The Court does not rigidly construe any defect in an affidavit's form to be fatal to its validity.") (collecting cases).

**e.    Lack of Affidavit, Affirmation, or Declaration<br>Supporting the Trustee's Objection**

Hutchinson contends that the Bankruptcy Court should have rejected the Trustee's Objection to her claims, because the Objection was not supported by an affidavit, affirmation, or declaration. (<u>See</u> Appellant Br. (Dkt. No. 6) at 31-32) In support of this argument Hutchinson cites Fed. R. Civ. P. Rule 56(c)(4)[19] which requires that affidavits or declarations used to support a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Rule 56 does not govern the claims objections process in Bankruptcy Court, however. That process was instead governed by the Bankruptcy Court's Claims Procedures Order. (<u>See</u> Order re Claim Objs. & Hearing Procedures (Bankr. Dkt. No. 1632)) The Claims Procedures Order provides that a contested objection will proceed to a sufficiency hearing, at which the claimant must meet the same standard that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim. (<u>See</u> <u>id.</u> at 4-5 (describing the claims hearing procedures); Trustee's

---

[19] Although Hutchinson cites to Rule 54(c)(4) (<u>see</u> Appellant Br. (Dkt. No. 6) at 31), this Court construes her argument as being premised on Rule 56(c)(4), which addresses the use of affidavits and declarations in connection with motions for summary judgment.

Twelfth Obj. (Bankr. Dkt. No. 1973) at 5-6 (summarizing the claims hearing procedures); see also

Fed. R. Bankr. P. 7012(b) (applying Fed. R. Civ. P. 12)[20]

Accordingly, the Bankruptcy Court did not err in sustaining the Trustee's

objection even though it was not supported by an affidavit, affirmation, or declaration.

*        *        *        *

In sum, none of Hutchinson's miscellaneous complaints regarding the Bankruptcy

Court's handling of her claims addresses the court's central finding that – in her Response to the

Trustee's objection – she fails to state a claim.  Hutchinson has thus provided no basis for this

Court to disturb the Bankruptcy Court's ruling disallowing and expunging her claims.

## III.    ANCILLARY MOTIONS

In connection with her appeal of the Bankruptcy Court's order, Hutchinson has

submitted a number of ancillary motions to this Court:  (1) an "Order to Show Cause [for a]

Preliminary . . . Injunction and Temporary Restraining Order" (Dkt. No. 3); (2) a motion seeking

an order applying "Judicial estoppel [to] Appellee and their agents"; (3) a "Preliminary

Injunction and Temporary Restraining Order Pending Final ruling on the Appeal against

Appellee"; (4) a "Cease and Desist [order directing] Appellee[,] their successor, assigns, agents,

and attorney from pursing in bad faith [an] action in [New York] Supreme Court during Stay"

(Dkt. Nos. 21-22); and (5) a motion seeking to supplement the record on appeal with two

documents (Dkt. Nos. 25-26).

---

[20]  Hutchinson incorrectly states that Bankruptcy Rule 7012 requires that the Trustee's Objection be treated "as one for summary judgment under Rule 56." (Appellant Reply (Dkt. No. 19) at 17; Appellant Am. Reply (Dkt. No. 20) at 18-19)  Bankruptcy Rule 7012 instead provides that "Rule 12(b)-(i) F. R. Civ. P. applies in adversary proceedings."  Fed. R. Bankr. P. 7012(b).

As to the request for an order to show cause, that application is denied, given this Court's ruling denying Hutchinson's appeal.

As to the motions regarding "Judicial estoppel" and seeking to enjoin Appellee from taking any action pending the resolution of this appeal, including pursuing a case in New York Supreme Court (see Not. of Mot. (Dkt. No. 21) at 1; Hutchinson Decl. (Dkt. No. 22)), these motions appear to have been triggered by Ditech's motion in the Kings County action seeking to dismiss Hutchinson's monetary claims against it, on the grounds that Hutchinson's claims are barred by injunctive provisions in the Bankruptcy Court's Chapter 11 Plan. (See Apr. 1, 2024 Hutchinson Decl. (Dkt. No. 22) at 3-13) In any event, Ditech is not a party to the instant appeal, and accordingly this Court will not issue any injunction against it. See Fed. R. Civ. P. 65(d)(2). And while the Trustee is a party to this appeal, the Trustee is not a party to the Kings County action. Accordingly, Hutchinson's motion for injunctive relief is denied.

Finally, Hutchinson seeks to supplement the record on appeal with (1) a December 13, 2024 order issued in the Kings County case dismissing Hutchinson's monetary claims against Ditech (see Dec. 16, 2024 Hutchinson Decl. (Dkt. No. 26) at 4-9); and (2) an August 6, 2018 order issued in Deron Hutchinson and Deron Hutchinson as Power of Attorney of Hilda Hutchinson v. U.S. Bank National Association Trustee, et al., Index No. 505953/2018 (Kings Cnty. Sup. Ct.), a different Kings County case.

As to the December 13, 2024 order, Hutchinson's application is denied. That order was not part of the record before the Bankruptcy Court, and generally this Court's review is "limited to the record as it existed before the Bankruptcy Court." In re MF Global, Inc., 12-cv-8784 (CM), 2013 WL 652421, at *1 (S.D.N.Y. Feb. 22, 2013) (citing Fed. R. Bankr. P. 8006).

As to the August 6, 2018 order, Hutchinson's motion is likewise denied, because neither the Trustee nor any Debtor was a party to that action, and that order has no bearing on the Bankruptcy Court's disallowance and expungement of Hutchinson's claims. Moreover, Hutchinson has waived any argument that the August 6, 2018 order should be part of the record here, because she did not make that order a part of the record during the claims objection process in the Bankruptcy Court, and did not designate that order as part of the record on appeal.

## CONCLUSION

For the reasons stated above, the judgment of the Bankruptcy Court for the Southern District of New York is affirmed, and this appeal is dismissed in its entirety. Hutchinson's miscellaneous motions are denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 21, 25) and to close this case.

Dated: New York, New York
        March 24, 2025

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge